IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| CLEARWATER DEVELOPMENT, INC. | ) Case No. 11-18725 HRT |
| EIN: 20-1538160 | ) |
| | ) |
| *Debtor.* | ) |

CLEARWATER DEVELOPMENT, INC.'S
MOTION TO DISMISS BANKRUPTCY CASE

Clearwater Development, Inc., debtor in possession ("*CDI*"), by and through its undersigned attorneys, hereby files this motion, pursuant to 11 U.S.C. § 1112(b) seeking to dismiss this Chapter 11 bankruptcy case. In support hereof, CDI states as follows:

## BACKGROUND

1. CDI filed this Chapter 11 bankruptcy case on April 18, 2011 (the "*Petition Date*"). CDI is operating its business as debtor in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

2. CDI owned a 963 acre golf course real estate development near Gypsum, Colorado known as the Brightwater Club. The development is located in the Gypsum Creek Valley 35 miles from Vail, Colorado.

3. The Brightwater Club began in 2005 and has 95 acres of dedicated open space for hiking and fishing and 25 acres of lakes and streams. It has The Lake House. Restaurant and Club for casual dining and The Cast Off Cabin, a secluded retreat on the creek, for fly fishing or reading. CDI sold 195 home site sales in its first 2½ years to buyers from 18 states.

4. As of the Petition Date, CDI owned 50 finished single family home sites, 65 partially finished single family home sites, 225 entitled single family home sites, a completed 18 hole Robert Trent Jones Jr. golf course, completed 18 hole putting course, 25 acres of lakes, significant water rights, the Cast-Off Cabin, Lake House Restaurant and Club and all entitlements, permits and development rights. There is also a building called the Trailhead Sales Office.

5. CDI experienced difficulties in 2006 when developer financing was suspended forcing a halt in home site and amenity development due to cost overruns and lender issues. The sales momentum was slow to recover due to the halt in development despite bridge financing and a new development loan in 2007. Then, the 2008 real estate and financial markets meltdown stopped all sales and development.

6. Because of the state of the economy and a slowdown in the real estate market, CDI was unable to service the debt against the property. Prior to the Petition Date, CDI was unable to agree on any restructuring strategies or effectively communicate with the Lenders (as defined below). The inability of CDI and its lenders to effectively communicate and agree on a restructuring created a negative cloud over CDI and the Brightwater Club. Property owners and prospective property owners were anticipating a foreclosure or restructuring. Therefore, CDI filed Chapter 11 in order to sell its assets as a going concern as expeditiously as possible.

7. Prior to filing, CDI had arranged for a post-petition loan from EFO Financial, Inc. ("*EFO*"). The loan from EFO was to be used to maintain the golf course and support the expenses of the Chapter 11 case, including marketing, while the sale process proceeded. The Court approved the post-petition financing with EFO. EFO received a first position secured claim, priming all other existing secured claims, except for the Eagle County real estate taxes, and was allowed a super-priority Chapter 11 administrative expense to secure repayment of the post-petition loan. With the financing, CDI was able to maintain its properties and fund administrative expenses of the bankruptcy estate.

8. CDI entered into a Purchase and Sale Agreement dated May 13, 2011 (the "*Original Agreement*") with Reconcile, LLC ("*Reconcile*") pursuant to which CDI agreed to sell substantially all of its assets to Reconcile for a purchase price of $7,530,000 subject to overbids at public auction. In connection with the Original Agreement, on or about May 26, 2011, CDI filed a motion to approve auction and sales procedures (the "*Bidding Procedures Motion*"). A number of objections were filed to the Bidding Procedures Motion. In an effort to resolve such objections, CDI and Reconcile agreed to certain revisions to the procedures set forth in the Bidding Procedures Motion. A hearing on the Bidding Procedures Motion was scheduled for July 19, 2011. Revised bidding procedures were approved by the Court.

9. On July 12, 2011, CDI entered into an Amended and Restated Agreement of Purchase and Sale with Reconcile (the "*Agreement*") to sell substantially all of its assets to Reconcile for a purchase price of $6,000,000 subject to overbids at public auction. The $6,000,000 offer in the Agreement was to be the opening bid at the public auction (the "*Stalking Horse Bid*").

10. CDI entered into an agreement with Cassidy Turley Fuller Real Estate ("*CT Fuller*") to market the assets for overbids at the public auction. CT Fuller had a number of interested buyers but ultimately Reconcile was the successful bidder.

11. Thereafter, Reconcile notified CDI that it would not close under the Agreement for, among other reasons, CDI's lenders were asserting that a prepetition agreement entered into between CDI's lenders and certain of Reconcile's principals, who were also guarantors of the CDI debt (the "*Guaranty Release*"), was not valid or binding on CDI's lenders. It is CDI's position that the validity of the Guaranty Release was not a condition to Reconcile's obligation to close on the sale pursuant to the Agreement and therefore Reconcile is in default under the Agreement. However, to date, Reconcile has failed to close the Agreement.

12. After Reconcile failed to close, many of CDI's secured creditors obtained relief from the automatic stay and are proceeding with state foreclosure actions against the Property.

13. CDI is without funds to continue to maintain estate assets. An insurance premium is due in mid-December and CDI does not have sufficient funds to pay the insurance. CDI has notified EFO and Reconcile regarding CDI's financial condition and that CDI does not have funds to continue to maintain the properties. CDI asserts that Reconcile forfeited its $600,000 earnest money deposit when it failed to close but that issue has not been resolved. Even, if the issue were resolved, EFO claims that the earnest money deposit is part of its collateral and cannot be used by CDI for operations. CDI attempted to reach an agreement with EFO and Reconcile regarding the use of a portion of the $600,000 to maintain the property but to date, CDI has been unsuccessful in reaching an agreement regarding the $600,000.

14. Notwithstanding the marketing efforts by CDI during the case, CDI was unable to close on a sale of the property. Without sufficient funds to maintain the property, CDI will not be in a position to formulate an effective, confirmable plan.

15. Therefore, CDI proposes to dismiss this Chapter 11 proceeding and allow the secured lenders to proceed with their state law foreclosure rights and to take whatever steps they deem necessary to maintain and preserve their collateral.

16. CDI anticipates that James DeFrancia, the acting CEO during the bankruptcy proceedings, will resign as CEO.

## ARGUMENT

17. Pursuant to 11 U.S.C. § 1112(b), on the request of a party in interest, the Court shall dismiss a Chapter 11 case if the movant establishes cause unless there are unusual circumstances specifically identified by the Court that establishes the request is not in the best interest of the creditors and the estate. Section 1112 contains a non-exclusive list of circumstances which might constitute "cause". The list suggests that motions to dismiss or convert are typically brought by creditors instead of debtors. Experience has shown that such motions are often brought by one creditor, disaffected by the Chapter 11 process, seeking advantage for itself over the debtor and other creditors of the estate. Here CDI is bringing the motion for dismissal.

18. CDI asserts that dismissal at this time is in the best interest of the estate. CDI has accomplished all it can in this Chapter 11 proceeding. Continuation of the Chapter 11 will only cause unnecessary delay and expense to CDI's secured creditors attempting to foreclose on the property. CDI does not believe the protections of Chapter 11 are necessary at this time to allow it to resolve issues among the various creditor constituencies. Dismissal will allow CDI's secured creditors, including perfected mechanic's lien creditors to protect their positions.

19. CDI asserts that the circumstances of this case in fact provide cause for dismissal and establish that dismissal is in the best interest of the estate.

**WHEREFORE**, CDI respectfully requests that the Court enter an order dismissing the bankruptcy proceedings and granting such other and further relief as the Court deems proper.

Dated:  December 5, 2011.	Respectfully submitted,

**CONNOLLY, ROSANIA & LOFSTEDT, P.C.**

By:	*/s/ Joli A. Lofstedt*
	Joseph G. Rosania, Esq. #12499
	Tom H. Connolly, Esq. #11689
	Joli A. Lofstedt, Esq. #21946
	950 Spruce Street, Suite 1C
	Louisville, CO  80027
	Tel:  (303) 661-9292
	Fax:  (303) 661-9555
	joe@crlpc.com
	tom@crlpc.com
	joli@crlpc.com

*Counsel to Clearwater Development, Inc.*

CERTIFICATE OF SERVICE

    The undersigned certifies that on December 5, 2011, I served by depositing same in the United States mail, first class postage prepaid a copy of the documents entitled **CLEARWATER DEVELOPMENT, INC.'S MOTION TO DISMISS BANKRUPTCY CASE, Notice and proposed order** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed.R.Bankr.P. and these L.B.R. at the following addresses:

United States Trustee's Office
Attn: Leo M. Weiss
999 18th Street, Suite 1551
Denver, CO 80202

Clearwater Development, Inc.
4000 Gypsum Creek Rd.
Gypsum, CO 81637

James DeFrancia
PO Box 12393
Aspen, CO 81612

Ronald R. Peterson, Trustee
Jenner & Block LLP
353 N Clark Street
Chicago, IL 60654-3456

Renzo Renzi
EFO Financial Group, LLC
9180 Galleria Ct., Ste. 600
Naples, FL 34109

Louis X. Amato P.A.
PO Box 1242
Frostproof, FL 33843

Lawrence B. Swibel
Fox Hefter Swibel Levin & Carroll, LLP
200 W. Madison St., Ste. 3000
Chicago, IL 60606

Andrew R. McLetchie
Fowler, Schimberg & Flanagan
1640 Grant St.,
Denver, CO 80203

Garry R. Appel
1660 17th St., Ste. 200
Denver, CO 80202

Robert G. Cole
Collins Cockrel & Cole
390 Union Boulevard, Suite 400
Denver, Colorado 80228-1556

Michael R. Snyder
Snyder & Hilliard, PC, LLO
PO Box 1414
Kearney, NE 68848

M. Frances Cetrulo
370 17th St., Ste. 4800
Denver, CO 80202

Carl A. Eklund
1225 17th St., Ste. 2300
Denver, CO 80202

John P. Gormley
PO Box 1991
Grand Junction, CO 81502

Alan Sweetbaum
Hilary A. Anderson
Sweetbaum, Sands & Anderson, PC
1125 17th St., Ste. 2100
Denver, CO 80202

GE Money Bank
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Suzanne Hoffman-LeBlanc, Esq.
Suzanne Hoffman-LeBlanc LLC
PO Box 4045
Avon, CO 81620

Randy Byrnes
9631 Maymont Dr.
Vienna, VA 22182

Samuel A. Newman
333 S. Grand Ave.
Los Angeles, CA 90071

Michael J. Guyerson
1873 S. Bellaire St., Ste. 1401
Denver, CO 80222

Bradford E. Dempsey
Elizabeth K. Flaagan
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532

Edward G. Woodland
Woodland & Associates, LLC
PO Box 10
215 Broadway
Eagle, CO 81631

Douglas M. Tisdale, Esq.
TISDALE & ASSOCIATES LLC
4662 S. Elizabeth Ct.
Cherry Hills Village, CO 80113-7106

David Wadsworth
1660 Lincoln St., Ste. 2200
Denver, CO 80264

Carl Luppens
One South Dahlia St.
Denver, CO 80246

Michael Luskin
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Donald E. Janklow
710 11th Ave., Ste. 205
Greeley, CO 80631

Donald D. Allen
1700 Lincoln St., Ste. 4000
Denver, CO 80203

T. R. Rice
Rice LLC
5575 DTC Parkway, Ste. 210
Greenwood Village, CO 80111

Luke McFarland
910 13th St., Ste. 200
Golden, CO 80401

Darrell G. Waas
1350 17th St., Ste. 450
Denver, CO 80202

Constance Heims Block
10718 E. Crestridge Cir.
Englewood, CO 80111

Kathryn L. Garner
Collins Cockrel & Cole
390 Union Blvd., Ste. 400
Denver, Colorado 80228-1556

Mark K. Fischer
Chairman & CEO Blakeslee
1790 Bonanza Drive, Suite 275
Park City, Ut 84060

Gregg L. Brown, Senior Vice President
Guaranty Bank & Trust
1331 17th Street
Denver, CO 80202

Laurence M. Boothby, II
4270 S. Bellaire
Englewood, CO 80113

Tracy Davis
Benjamin Bain Howard Cohen, LLC
7315 E. Orchard Road, #400
Greenwood Village, CO 80111

Julie Nelson
POA President
P.O. Box 993
Eagle, CO 81631

Brightwater Club POA
c/o Robertson & Marchetti
28 Second St., Ste. 213
Edwards, CO 81632