## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| CLEARWATER DEVELOPMENT, INC. | ) | Case No. 11-18725 HRT |
| EIN:  20-1538160 | ) | Chapter 11 |
| | ) | |
| *Debtor.* | ) | |

### AMENDED NOTICE OF CLEARWATER DEVELOPMENT, INC.'S
### MOTION TO DISMISS BANKRUPTCY CASE

# OBJECTION DEADLINE:  <u>DECEMBER 27, 2011</u>.

**YOU ARE HEREBY NOTIFIED** that Clearwater Development, Inc., debtor-in-possession ("*CDI*") has filed a motion to dismiss the Clearwater Development, Inc. bankruptcy proceedings pursuant to Bankruptcy Code § 1112(b) (the "*Motion to Dismiss*").

CDI filed for Chapter 11 bankruptcy protection on April 18, 2011 (the "*Petition Date*"). CDI is operating its business as debtor in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.  CDI filed Chapter 11 bankruptcy primarily to allow time to market and sell its assets as a going concern.

During the bankruptcy proceedings, CDI borrowed approximately $1.4M from EFO Financial, Inc. ("*EFO*").  The loan from EFO was used to maintain and preserve the golf course and support the expenses of the Chapter 11 case, including marketing, while the sale process proceeded.  EFO received a first position secured claim, priming all other existing secured claims (except for Eagle County real property taxes), and a super-priority Chapter 11 administrative expense to secure repayment of the post-petition loan.

In July of 2011, CDI entered into an Amended and Restated Agreement of Purchase and Sale with Reconcile (the "*Agreement*") to sell substantially all of its assets to Reconcile for a purchase price of $6,000,000 subject to overbids at public auction.  CDI entered into an agreement with Cassidy Turley Fuller Real Estate ("*CT Fuller*") to market the estate property seeking overbids at the public auction.  CT Fuller had a number of interested buyers but ultimately Reconcile was the successful bidder.

Reconcile failed to close under the Agreement.  Reconcile asserted, among other things, that CDI's lenders failed to acknowledge that a prepetition agreement entered into between CDI's lenders and certain of Reconcile's principals, who were also guarantors of certain CDI debt, was valid and binding between the parties (the "*Guaranty Release*").  Reconcile asserted that the failure to honor the Guaranty Release was a material change or mistake that allowed Reconcile to terminate the Agreement.  It is CDI's position that the validity of the Guaranty Release was not a condition to Reconcile's obligation to close the sale pursuant to the Agreement and therefore Reconcile is in default.  However, to date, Reconcile has failed to close under the Agreement.

After Reconcile failed to close, many of CDI's secured creditors obtained relief from the automatic stay and are proceeding with state foreclosure actions against the Property.

At this time, CDI is without funds to continue to maintain estate assets. An insurance premium is due in mid-December and CDI does not have sufficient funds to pay the insurance. CDI has notified EFO and Reconcile regarding CDI's financial condition and that CDI is without funds to continue to or maintain estate assets. CDI asserts that Reconcile forfeited its $600,000 earnest money deposit made pursuant to the Agreement when it failed to close but that issue has not been resolved. Even, if the issue were resolved, EFO claims that the earnest money deposit is part of its collateral and cannot be used by CDI for operations. CDI attempted to reach an agreement with EFO and Reconcile regarding the use of a portion of the $600,000 to maintain the property but to date, CDI has been unsuccessful in reaching an agreement regarding the $600,000.

CDI asserts that dismissal at this time is in the best interest of the estate. Continuation of the Chapter 11 will only cause unnecessary delay and expense to CDI's secured creditors attempting to foreclose on the property. CDI does not believe the protections of Chapter 11 are necessary at this time to allow it to resolve issues among the various creditor constituencies. Dismissal will allow CDI's secured creditors, including perfected mechanic's lien creditors to protect their positions. CDI anticipates that James DeFrancia, the acting CEO during the bankruptcy proceedings, will resign as CEO.

A copy of the Trustee's Motion is available for inspection in the Bankruptcy Court Clerk's office, U.S. Custom House, 721 19th Street, Denver, CO 80202 or may be provided upon request from the undersigned Trustee.

If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Date:  December 6, 2011.          Respectfully submitted,

                                  CONNOLLY, ROSANIA & LOFSTEDT, P.C.

                                  By:    /s/ Joli A. Lofstedt
                                         Tom H. Connolly, Esq. (#11689)
                                         Joli A. Lofstedt, Esq. (#21946)
                                         950 Spruce Street, Suite 1C
                                         Louisville, CO  80027
                                         Phone: (303) 661-9292
                                         Fax:  (303) 661-9555
                                         tom@crlpc.com
                                         joli@crlpc.com

                                  *Counsel to Clearwater Development, Inc.*

2